IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENISA A. BRENNECKE, individually and
as special administrator of the estates of
Marleen L. Comiskey and M. Marie Comiskey

                 Plaintiff,

v.

GERTRUDE F. LUDMER, U-HAUL
INTERNATIONAL, INC. and INTACT
INSURANCE CO.,

                 Defendants.

ORDER

18-cv-883-jdp

---

    This is personal injury suit against defendant Gertrude F. Ludmer and her insurers, U-Haul International, Inc. and Intact Insurance Co. Plaintiff Jenisa A. Bennecke alleges that Ludmer negligently crashed a car towing a U-Haul trailer into another vehicle, which was occupied by Marleen Comiskey and M. Marie Comiskey. The Comiskeys were fatally injured. Brennecke is Marleen's sister and administrator of the Comiskeys' estates.

    Defendants Ludmer and Intact Insurance Co. removed this case from the Circuit Count for Dane County, Wisconsin. Dkt. 2. Because the notice of removal does not show that the court can exercise jurisdiction over the case, the court will give defendants an opportunity to file supplemental materials to cure the deficiencies. If they fail to do so, the court will remand the case to state court.

    "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of

jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Defendants rely solely on 28 U.S.C. § 1332 as a basis for jurisdiction. That statute requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. Complete diversity means that none of the defendants can be a citizen of the same state as the plaintiff. *See Smart*, 562 F.3d at 803. Here, defendants have sufficiently alleged that Brennecke is a citizen of Illinois and Ludmer is a citizen of Arizona. They also allege that there is more than $75,000 in controversy. But defendants have not adequately alleged the citizenship of U-Haul or Intact, nor have they made any allegations that would permit the court to determine the citizenship of Marleen L. Comiskey and M. Marie Comiskey.

Defendants allege that both U-Haul and Intact are corporations. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz*, 559 U.S. at 88. Here, defendants state that U-Haul is an "out of state domestic corporation with its registered agent being The Corporation Trust Company of Nevada, 701 S. Cason Street, Suite 200, Carson City, Nevada 89701." Dkt. 2, ¶ 3. They do not specify U-Haul's state of incorporation or the state where it has its principal place of business. As for Intact, defendants state that it is a "foreign corporation" with its principal place of business in Toronto, Canada. *Id.* But they do not state specifically where it is incorporated; they simply assert that it is foreign. Defendants must allege U-Haul's state of incorporation and principal place of business, as well as Intact's state or country of incorporation.

Defendants also provide no allegations that would permit the court to determine the citizenship of Marleen L. Comiskey and M. Marie Comiskey. Because Brennecke is suing in her capacity as the legal representative of the estates of the Comiskeys in addition to on her own behalf, it is necessary to determine not only Brennecke's citizenship, but also the citizenship of the decedents at the time they died. 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"); *Hunter v. Amin*, 583 F.3d 486, 491–92 (7th Cir. 2009) (no subject matter jurisdiction under § 1332 in case brought by representative of estate without showing decedent's citizenship at time of death). It may be that the Comiskeys were citizens of Wisconsin, the state in which their estates are pending. *See* Dkt. 2-1, ¶ 1. But the court cannot simply assume that. Defendants must allege the state or states in which the Comiskeys were citizens.

The court will give defendants an opportunity to file supplemental materials showing that U-Haul, Intact, and the Comiskeys' citizenship is diverse. If defendants fail to make that showing, I will remand the case to state court.

ORDER

IT IS ORDERED that defendants may have until March 19, 2019, to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

Entered March 5, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge